IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WANNETTA PREMUSCA | ) | |
| | ) | Civil Action File |
| Plaintiff, | ) | No. 5:23-cv-00040 |
| | ) | |
| vs. | ) | |
| | ) | |
| DKC TRANSPORTATION, LLC, | ) | |
| TONY ROBBINS, LANCER, | ) | |
| INSURANCE COMPANY and | ) | State Court of Bibb County |
| JOHN DOE and JOHN DOE LLC, | ) | Civil Action File No. |
| | ) | 21-sccv0-093536 |
| Defendants. | | |

## NOTICE OF REMOVAL

COMES NOW, Defendants DKC TRANSPORTATION and TONY ROBBINS AND LANCER INSURANCE COMPANY, (sometimes collectively "Defendants"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal, showing the Court as follows:

This case began in 2020 when counsel for Plaintiff filed a lawsuit against DKC Transportation, LLC, and Tony Robbins. Defendants timely sought to remove this lawsuit to this Court. (Wannetta Premusca v. DKC Transportation LLC, Tony Robins, Jon Doe, and John Doe LLC  5:22-cv-00005-TES, Dkt. 1). However, following Plaintiff's motion to remand, the Court found that on the face of the Complaint, it was not apparent that Plaintiff was seeking more than $75,000 in

8513536v.1

damages. Finding no allegations in the complaint specifying any particular damage amount the court remanded the State Cases to the State Court of Bibb County. (Dkt. 11).

Now, on remand, and after a year of discovery, it is clear that this Court has diversity jurisdiction over this case and that Plaintiff has spent a year trying to obstruct the discovery process and prevent Defendants from rightfully removing the case to Federal Court.

Based on this information, and pursuant to 28 U.S.C. §§ 1322, 1441, 1446(b)(3), and 1446(c)(1), these Defendants remove this action from the State Court of Bibb County to the United Stated District Court for the Middle District of Georgia because complete diversity of citizenship exists, and the amount of controversy exceeds $75,000, exclusive of interests and costs.

## BACKGROUND

1.

Plaintiff Miller Premusca ("Plaintiff") filed suit against Defendants in the State Court of Bibb County, Civil Action File No.: 21-SCCV-093546 ("State Action") on November 10, 2021. Bibb County is within the Macon Division of this Court. See, 28 U.S.C. § 90(a)(2).

2.

Plaintiff's Complaint alleged bodily injuries resulting from a vehicular accident involving Tony Robbins, who was employed as a driver for DKC Transportation at the time of the incident referenced in Plaintiff's Complaint.

3.

Tony Robbins was served with process on November 24, 2021.

4.

DKC Transportation, LLC was served December 17, 2021.

5.

Defendants attach hereto as Exhibit "A", copies of the summons and complaint in the State Action.

6.

Based on reasonable belief, Plaintiff is a citizen of Georgia.

7.

At the time Plaintiff filed the State Action, Tony Robbins resided, and continues to reside in Greeneville Tennessee.

8.

At the time Plaintiff filed the State Action, DKC Transportation was incorporated in the State of Florida, and maintains its principal place of business at Dover, Florida.

9.

Defendants removed the case to this Court on January 4, 2022. (Dkt. 1)

10.

Defendant DKC Transportation, LLC and Tony Robbins filed their Answers in this Court on January 11, 2022. (Dkt. 5).

11.

Plaintiff filed a motion to Remand on January 12, 2022 (Dkt. 7-1).

12.

On January 26, 2022, this Court entered its Order on Plaintiff's motion to remand. Finding that on the face of the Complaint there was not sufficient information to determine whether Plaintiff was seeking damages in excess of $75,000 this Court ultimately remanded these cases. (Dkt. 9).

13.

Defendants served Plaintiff with Requests for Admission on February 10, 2022.

14.

These Requests requested that Plaintiff (1) "admit that the amount in controversy in the instant litigation is $75,000 or less" and (2) that Plaintiff admit that he will not "seek damages in this case of greater than $75,000." (Plaintiff's responses to Defendant's Requests for Admissions attached as Exhibit "B").

16.

Plaintiff responded to both questions as follows:

**Plaintiff can neither admit nor deny the allegations contained in this Request as it is posing a legal question and plaintiff is without sufficient knowledge to properly respond to the allegations contained in Request No. 1. In addition, plaintiff has not made a determination at this time, nor is she required to, as to what amount he is seeking to recover.**

*Id.*

17.

In a good faith effort to resolve this lawsuit without further unnecessary litigation, the parties attempted mediation on May 11, 2022.

18.

While the amount of the offers and demands exchanged remains confidential, Plaintiff was clearly able to determine the "amount she was seeking to recover" at that time. The parties were not able to settle this matter at mediation.

19.

In a good faith effort to resolve Plaintiff's evasive responses to Defendants' Requests for Admissions without Court involvement, Undersigned counsel sent Plaintiff's counsel an email on May 12, 2022, requesting clarification on Plaintiff's responses to Defendants' Requests for Admissions and stating in particular that:

> **The amount of damages a plaintiff seeks to recover is not a "legal conclusion". Furthermore, since Plaintiffs were prepared for mediation, which I assume means a good faith attempt to settle the case for an amount they were seeking to recover, Plaintiffs are not in a position to fully respond to Request to Admit No. 1 and 2. Therefore, please provide a more complete answer to these Requests by next Thursday May 19, 2022.**

(Defense Counsel's email to Plaintiff's counsel attached as Exhibit "C")

20.

Plaintiff's counsel refused to respond to this email.

21.

Defendants filed a motion to move the Court to determine the sufficiency of Plaintiff's Responses to Defendant's Requests for Admissions on August 1, 2022. (Defendants' Motion to Compel and Brief in Support attached as Exhibit "D").

22.

Plaintiff responded to Defendants' motion on August 17, 2022. (Plaintiff's response in opposition to Defendants' Motion to Compel attached as Exhibit "E").

23.

Plaintiff's motion argued that Defendants desired to know the amount of damages Plaintiff was claiming in order to remove to Federal Court. *Id.*

24.

Defendants admit that they desire to know the amount of damages Plaintiff is seeking both to be able determine if settlement is possible, and to exercise its right to removal to federal court. (Defendants' Reply Brief to Plaintiff's Response to Defendant's Motion to Compel attached as Exhibit "F").

25.

The State Court of Bibb County held that Plaintiff's responses to Defendants' requests for admissions constitute a denial of each request. (Order on Defendant DKC Transportation LLC, and Tony Robbins' Motion to Compel attached as Exhibit "G").

26.

This ruling leaves Defendants in an impossible situation since Plaintiff has effectively denied both that he is seeking *more* than $75,000, while also denying that he is seeking *less* than $75,000. *Id.*

27.

Plaintiff's action, in addition to preventing Defendants right to removal, has prevented Defendant from engaging in any meaningful settlement discussions with Plaintiff in order to settle this case.

28.

Plaintiff filed a motion to add a party, and subsequently added and served, Lancer Insurance Company, under Georgia's Direct-Action Statute.

29.

Lancer Insurance Company is a foreign corporation with its personal place of business in Long Beach, NY.

## BASIS FOR REMOVAL

30.

According TO 28 U.S.C. § 1446(C)(1), " a case may not be removed under section (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court find that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Bad faith applies when "a defendant can demonstrate (1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstances stood in his way. *See CMR Constr. & Roofing, LLC v. Hartford Ins. Co. of the Midwest*, No: 2:20-cv-695, 2021 WL 2632374, at *3 (M.D. Fla. June 25, 2021) (quoting *Hajdasz v. Magic Burgers, LLC*, 805 F. App'x 884, 890 (11th Cir. 2020) (internal quotations omitted)); *Pub Serv. Towers, Inc. v. Best Buy Stores, L.P.*, 28 F. Supp. 3d 1313, 1315 (M.D. Ga. 2014) (examining whether plaintiff "intentionally concealed the amount of damages to avoid removal").

31.

Here, Defendants have diligently pursued their rights in attempting to ascertain the evidence and amount of Plaintiff's damages. Defendants have faced "extraordinary circumstances" including Plaintiff's frivolously filed protective order, and non- responsive responses to Defendant's requests for admissions.

8513536v.1

32.

Plaintiff's gamesmanship and evasive and incomplete responses to Defendants' Requests for Admissions –establish the requisite bad faith under 28 § U.S.C. 1446(c)(1).

33.

Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served in the State Cases to date are attached to this Notice of Removal as Exhibit "H").

34.

Pursuant to 28 U.S.C. §1446(d), Defendants filed this Notice of Removal with this Court, and are serving a copy of this Notice upon the parties of record and will promptly file a copy in the State Court of Bibb County.

35.

This Notice of Removal is well-grounded in fact and is warranted by existing law, and has not been interposed for any improper purpose, such as to harass, cause unnecessary delay, or a needless increase in the cost of litigation.

WHEREFORE Defendants pray the case be removed to the United States District Court for the Middle District of Georgia, Macon Division.

This 31st day of January 2023.

8513536v.1

|  |  |
|---|---|
|  | Respectfully submitted, |
| 191 Peachtree Street NE<br>Suite 3600<br>Atlanta, Georgia 30303<br>Phone: 404-215-2443<br>Phone: 404-522-8220<br>Fax: 404-523-2345<br>sjcohen@cskl.law<br>abeaton@cskl.law | COPELAND, STAIR, KINGMA & LOVELL, LLP<br><br>/s/ *Anna K. Beaton*<br>STEPHEN J. COHEN<br>State Bar No.: 556599<br>Anna K. Beaton<br>State Bar No.: 421320<br><br>*Counsel for Defendants* |

8513536v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter via the Court's electronic filing system, which will automatically e-mail a copy to counsel of record addressed as follows:

Paul R. Ayerbe
William T. Arnold
AYERBE & ARNOLD, LLC
3608 Vineville Avenue
Post Office Box 6073
Macon, Georgia 31208
*Counsel for Plaintiff*

This 31st day of January 2023.

Respectfully submitted,

| | |
|---|---|
| 191 Peachtree Street NE | COPELAND, STAIR, KINGMA & |
| Suite 3600 | LOVELL, LLP |
| Atlanta, Georgia 30303 | |
| Phone: 404-215-2443 | /s/ *Anna K. Beaton* |
| Phone:  404-522-8220 | ANNA K. BEATON |
| Fax: 404-523-2345 | State Bar No.:  41320 |
| sjcohen@cskl.law | *Counsel for Defendants* |
| abeaton@cskl.law | |

8513536v.1