# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| WANNETTA PREMUSCA,<br><br>*Plaintiff*,<br><br>v.<br><br>DKC TRANSPORTATION, LLC; TONY ROBBINS; JOHN DOE; and JOHN DOE, LLC,<br><br>*Defendants.* | CIVIL ACTION NO.<br>5:23-cv-00040-TES |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This is the second time Plaintiff Wannetta Premusca has had to seek remand of this case to the State Court of Bibb County, Georgia. *See* Mot. to Remand, *Premusca v. DKC Transp.*, No. 5:22-cv-00005-TES (M.D. Ga. Jan. 12, 2022), ECF No. 8.[1] This time around though, she presents a twofold argument that remand is appropriate due to the untimeliness of the Notice of Removal [Doc. 1] and, secondly, she argues that the amount in controversy doesn't exceed 28 U.S.C. § 1332's threshold.[2] [Doc. 4, pp. 1–2].

Relying on diversity jurisdiction, Defendants DKC Transportation, LLC and

---

[1] *See also Premusca v. DKC Transp.*, No. 5:22-cv-00005-TES, 2022 WL 254341 (M.D. Ga. Jan 26, 2022) ("*Premusca I 2022*").

[2] Plaintiff moved to remand this case on February 23, 2023; thus, pursuant to the Court's Local Rules, DKC Transportation, LLC and Tony Robbins had until March 16, 2023, to file their response. LR 7.2 MDGa. They did not respond.

Tony Robbins have once again removed this case to federal court under 28 U.S.C. §§ 1332, 1441, and 1446. [Doc. 1, p. 2]. Plaintiff doesn't dispute that complete diversity of citizenship exists between the parties: she resides in Georgia, Robbins[3] is a citizen of Tennessee, and DKC Transportation is considered a citizen of Florida. [*Id.* at pp. 3–4, ¶¶ 6–8]. Therefore, all that's left for the Court to determine is whether the amount in controversy is high enough to keep this case in federal court.

Like before, Plaintiff's Complaint [Doc. 1-1] does not contain any specific damages amounts. [Doc. 1-1, pp. 3–6]. Nevertheless, the Court first remanded this case upon determining that the amount of special damages at issue, $24,304.22, gave it "no way to determine the likelihood" that the amount in controversy would exceed the jurisdictional mark. *Premusca I 2022*, 2022 WL 254341, at *2–3. According to Plaintiff, that amount has not changed. [Doc. 4-1, p. 2]. Yet, based on an order from the judge presiding over the remanded case in state court, DKC Transportation and Robbins argue that this case can be removed.[4] *See* [Doc. 1, p. 8, ¶ 25]; *see, e.g.,* [Doc. 1-7].

While litigating this case after remand, DKC Transportation and Robbins served Plaintiff with Requests for Admission. [Doc. 1, p. 4, ¶ 13]. Essentially, they wanted Plaintiff to "admit that the amount in controversy in the instant litigation is $75,000 or

---

[3] Plaintiff alleges that Defendant Robbins worked for Defendant DKC Transportation. [Doc. 1-2, p. 5].

[4] The Court previously discussed the applicable legal standards for removal and remand in *Premusca I 2022*. 2022 WL 254341, at *1.

2

less" and that she wouldn't "seek damages in this case of greater than $75,000." [*Id.* at p. 5, ¶ 14]. Plaintiff responded that she could "neither admit nor deny the allegations" contained in that request "as it . . . pos[ed] a legal question [to which she] is without sufficient knowledge to properly respond . . . ." [*Id.* at p. 5, ¶ 16]. The State Court judge ultimately held that Plaintiff's responses constituted denials. [*Id.* at p. 8, ¶ 25]; [Doc. 1-7, pp. 2–3]. "Th[at] ruling[,]" according to DKC Transportation and Robbins, put them "in an impossible situation since Plaintiff has effectively denied both that [s]he is seeking more than $75,000, while also denying that [s]he is seeking less than $75,000." [Doc. 1, p. 8, ¶ 26]. Also, not inconsistent with that ruling, the State Court judge ruled that Plaintiff "may seek more or less than $75,000" because general damages are set by the enlightened consciences of jurors based on the evidence presented at trial. [Doc. 1-7, pp. 2–3]. "[A]s they are permitted to do," lawyers frequently leave the determination of general damages "to the discretion of the jury, without ever claiming a specific dollar amount or range[.]" [*Id.* at p. 3].

Since the amount of special damages sought remains unchanged between either effort to remove this case, so does the Court's previous remand decision. *See Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1368 (S.D. Ala. 2018) (noting that "a plaintiff's refusal to stipulate to amount in controversy (or its denial of requests for admission as to amount in controversy), without more, does not satisfy [a removing party's burden] because there are several reasons why a plaintiff would not so stipulate"). That said, the Court

next turns to Plaintiff's arguments regarding the timeliness of the Notice of Removal in this case.

On November 10, 2021, Plaintiff filed suit in the State Court of Bibb County to recover for injuries arising out of an automobile collision where Robbins, operating a commercial motor vehicle within the scope of his employment with DKC Transportation, collided with her vehicle. [Doc. 4-1, pp. 3–4]. On January 12, 2022, just eight days after DKC Transportation and Robbins filed the Notice of Removal in *Premusca I 2022*, Plaintiff sought remand. [*Id.* at pp. 4–5]. The Court remanded *Premusca I 2022* on January 26, 2022. 2022 WL 254341, at *4.

To determine whether DKC Transportation and Robbins timely filed their Notice of Removal for this case, federal law required them to file it within 30 days of receiving a paper showing that the case is removable. 28 U.S.C. § 1446(b)(3). DKC Transportation and Robbins ostensibly contend that the State Court judge's order made this case removeable. Whether that's true doesn't have to be decided because the State Court judge signed that order on November 28, 2022, and the Notice of Removal for this case wasn't filed until 64 days later, on January 31, 2023. [Doc. 1-7, p. 3]; [Doc. 1, p. 10]. Thus, it's untimely. 28 U.S.C. § 1446(b)(3).

Further, under federal law, "[a] case may not be removed under [28 U.S.C. §1446(b)(3)] on the basis of [diversity jurisdiction] more than [one] year after commencement of the action, unless the district court finds that the plaintiff has acted in

4

bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). As the removing parties, DKC Transportation and Robbins bear the burden of showing that Plaintiff acted in bad faith. *Pub. Serv. Towers, Inc. v. Best Buy Stores, L.P.*, 28 F. Supp. 3d 1313, 1315 (M.D. Ga. 2014).

In their Notice of Removal, DKC Transportation and Robbins contend that they "have diligently pursued their rights in attempting to ascertain the evidence and amount of Plaintiff's damages" and "have faced 'extraordinary circumstances' including Plaintiff's frivolously filed protective order, and non-responsive responses to [their] [R]equests for [A]dmissions." [Doc. 1, p. 9, ¶ 31]. When it comes to Plaintiff's responses—which the State Court judge ruled were "denials"—there is nothing showing that Plaintiff falsely responded to discovery requests concerning the amount of damages. [Doc. 4-1, p. 11]. Notwithstanding DKC Transportation's and Robbins' lack of briefing on the instant motion, if there isn't anything under Georgia law for a tort claim of this nature requiring plaintiffs to plead an amount of general damages sought with any specificity, then a plaintiff can't act in bad faith for refusing to supply that dollar figure. [Doc. 1-5, pp. 5–6]; *see also Bolton v. U.S. Nursing Corp.*, No. C12-4466LB, 2012 WL 5269738, at *5 (N.D. Cal. Oct. 23, 2012) (applying Ninth Circuit authority and finding that a plaintiff's refusal to stipulate to damages less than the amount in controversy is not evidence of bad faith forum shopping").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand [Doc. 4].

However, the Court will not award attorney's fees pursuant to 28 U.S.C. § 1447(c) because DKC Transportation and Robbins did not "lack[] an objectively reasonable basis for seeking removal[]" of this action when considering what occurred in the underlying State Court litigation. *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)); *see also Martin*, 546 U.S. at 136 (discussing the exercise of discretion for attorney's fees related to improper removals of civil actions).

In conclusion, the Court finds that it does not have subject-matter jurisdiction over this case and once again **REMANDS** it to the State Court of Bibb County, Georgia. The Clerk is **DIRECTED** to forward a copy of this Order to the clerk of that court.

**SO ORDERED**, this 20th day of March, 2023.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**